# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

QUENTIN PLATT

Plaintiff,

v.

CHICAGO TRANSIT AUTHORITY,
DESHONE MADDOX,
GEORGETTE HAMPTON,

Defendants.

No. 18 C 07219

Judge Mary M. Rowland

## MEMORANDUM OPINION & ORDER

Plaintiff Quentin Platt filed suit against the Chicago Transit Authority ("CTA"), Deshone Maddox, and Georgette Hampton, alleging employment discrimination and wrongful termination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, 42 U.S.C. § 1983, and the Fourteenth Amendment. Before the Court is CTA's motion to dismiss Counts I, III, and IV of Plaintiff's Second Amended Complaint. For the following reasons, CTA's motion to dismiss (Dtkt. 41) is granted without prejudice. Plaintiff has 28 days from the date of this order to amend his complaint.[1]

---

[1] The docket indicates that Plaintiff has not yet served the two individual defendants, Deshone Maddox and Georgette Hampton. As the case is proceeding with appointed counsel, Plaintiff shall return separate completed USM-285 forms, which are required for service, for Maddox and Hampton. The U.S. Marshals will not attempt service on a Defendant unless and until the required form for that Defendant is received. The U.S. Marshal is appointed to serve Defendants Maddox and Hampton. But before serving defendants, Plaintiff should strongly consider whether he has any viable claims against the individual defendants—keeping in mind the Seventh Circuit's holding that individuals are not liable under the ADA. *United States EEOC v. AIC Sec. Investigations*, 55 F.3d 1276, 1282 (7th Cir. 1995).

## BACKGROUND

The following facts are alleged in Platt's Second Amended Complaint and are presumed true for the purpose of resolving the pending motion. Platt was employed as a CTA bus operator starting in July 2008. (Dkt. 34 at 3) In April 2009, Platt suffered disabling lower back injuries. (*Id*.) As a result of that injury, Platt underwent medical treatment including two surgeries for a Spinal Cord Stimulator Implant. (*Id*.) These treatments and surgeries required medically approved time off, and Platt was unable to work for periods of time covering approximately five years and five months. (Dkt. 42 at 2) In accordance with CTA's policies, Platt requested medically required time off that CTA approved. (Dkt. 34 at 3)

In 2014, Platt underwent surgery and had a Spinal Cord Stimulator Implant implanted into his back. (Dkt. 34 at 3) This surgery rendered him disabled and unable to drive commercial vehicles. (*Id*.) From September 19, 2014 through September 18, 2017, Platt was medically unable to perform his duties as a CTA bus operator. (*Id*.) CTA again approved his medically required time off. (*Id*.)

As a result of his disability, Platt requested medical leave and reasonable accommodations so as to continue working at the CTA. (Dkt. 34 at 4) In September of 2014, CTA placed Platt on administrative inactive status known as Temporary Medical Disability Area 605 ("Area 605"). (*Id*.) Platt remained in Area 605 until his termination in September 2017. (*Id*.) Platt alleges that between September 2014 and September 2017, he made multiple requests for reasonable accommodations, including requests for reassignment. (*Id*.)

Platt alleges that CTA offered Platt several reassignment positions, but that he was not medically qualified to accept them. (Dkt. 34 at 4) So Platt continued to request reassignment. (*Id*.) Platt also alleges that similarly situated individuals were offered vacant positions—positions for which, Platt claims, he was also qualified. (*Id*. at 4-5)

CTA terminated Platt on September 18, 2017. (Dkt. 34 at 5) In March of 2018, Platt filed charges with the Equal Employment Opportunity Commission ("EEOC"). (*Id*.) That September, the EEOC issued a Notice of Right to Sue. (*Id*.) Plaintiff timely filed this lawsuit alleging employment discrimination and wrongful termination in violation of the ADA, 42 U.S.C. § 12101, *et seq*., 42 U.S.C. § 1983, and the Fourteenth Amendment. Counts I and II are brought against Defendant CTA, and Counts III and IV are brought against Defendant Deshone Maddox and Georgette Hampton. Because CTA was unsure which counts applied to them, CTA moved to dismiss Counts I, III, and IV pursuant to Rule 12(b)(6). (Dkt. 42) As clarified by Plaintiff, Counts III and IV do not name Defendant CTA. (Dkt. 45 at 11) As such, the Court will only address Count I.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a motion to dismiss, the Court accepts as true all well-pleaded facts in the Plaintiff's complaint and must "construe the complaint in the 'light most favorable

to the' plaintiff." *Zahn v. N. Am. Power & Gas, LLC*, 847 F.3d 875, 877 (7th Cir. 2017) (quoting *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016)). However, the Court is not "obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

"To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face." *Ill. Bible Coll. Ass'n v. Anderson*, 870 F.3d 631, 636 (7th Cir. 2017), *as amended* (Oct. 5, 2017), *cert denied sub nom. Ill. Bible Coll. Ass'n v. Cross*, 138 S. Ct. 1021 (2018). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "While a plaintiff need not plead 'detailed factual allegations' to survive a motion to dismiss, she still must provide more than mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action' for her complaint to be considered adequate…." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

## ANALYSIS

CTA argues that Count I should be dismissed as time barred because Platt failed to file a charge of discrimination within 300 days of the occurrence of the unlawful employment practice. (Dkt. 42 at 4) Even if Platt filed in a timely manner, CTA argues that Platt was not a "qualified individual" under the ADA. (*Id.*) CTA

asserts that Platt failed to plausibly plead that he was qualified to perform the essential functions of his position with or without reasonable accommodation. (*Id.*)

### *1. Plaintiff's Failure to Accommodate Claims is Likely Time Barred*

Under the ADA, plaintiffs are required to meet procedural prerequisites before bringing a federal lawsuit. These procedural prerequisites provide that a plaintiff: (1) must file a timely charge with the EEOC, and (2) receive a right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(b), (e), and (f). After receipt of a right to sue letter, a plaintiff has 90 days to bring suit in federal court. 42 U.S.C. § 2000e-5(f)(1). These requirements are preconditions and, if not satisfied, are grounds for dismissal. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Gibson v. West*, 201 F.3d 990, 993 (7th Cir. 2000).

In addition to the preconditions listed above, plaintiffs are required to file a charge of discrimination within 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). With respect to claims regarding discrete employment actions, "each discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *see also Roney v. Ill. Dep't of Transp.*, 474 F.3d 455, 460 (7th Cir. 2007) (a discrete act of discrimination "is an unlawful employment practice that must be brought to the EEOC's attention within 300 days of its occurrence."). The limitations period begins on the date of the adverse employment action. *See Fairchild v. Forma Sci., Inc.*, 147 F.3d 567, 574 (7th Cir. 1998).

Platt alleges that he suffered a lower back injury on April 8, 2009, and that CTA discriminated against him by not offering good faith reasonable accommodations. (Dkt. 45 at 5) He claims that he requested accommodations and reassignment on multiple occasions between the date of his injury and the date of his termination, September 18, 2017. (Dkt. 34 at 4) Platt did not file a claim with the EEOC until March 19, 2018. (*Id.* at 5) Counting backwards 300 days before that date, May 22, 2017 is the last day that claims would be timely. All claims of discrimination before May 22, 2017 are untimely.

Platt's Second Amended Complaint does not allege enough facts for the Court to determine whether his claims have been timely asserted. If Plaintiff made a request for accommodation between May 22, 2017 and September 18, 2017, he would have been able to bring a timely claim. However, Platt has not alleged that he made any requests for accommodation between these dates. In fact, his Second Amended Complaint failed to plead with any specificity the date or dates when he made his accommodation requests. He merely alleges, in general terms, that he made multiple requests over a nine year period. Platt does not specify when CTA engaged in any specific unlawful employment practice, so it cannot be determined whether any, or all, of CTA's discriminatory acts occurred more than 300 days prior to the filing of his EEOC complaints and therefore would be outside the scope of his actionable claims.

Platt attempts to overcome this flaw by arguing that failure to accommodate is a continuing violation. (Dkt. 45 at 8) The continuing violation doctrine "concerns

a claim based on an ongoing policy rather than discrete acts of discrimination."
*Teague v. Northwestern Memorial Hosp.*, 429 Fed. Appx. 680, 684 (7th Cir. 2012).
The doctrine permits a plaintiff to get relief for time barred conduct "by linking it
with an act that is within the limitations time period." *Miller v. Am. Family Mut.
Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000) (internal citations omitted). The Seventh Circuit has recognized three theories of a continuing violation where: (1) "an
employer makes employment decisions over time that make it difficult for the employee to determine the actual date of discrimination"; (2) the employee's claim "involves an express discriminatory policy of the employer"; and (3) "discrete acts of
discrimination are part of an ongoing pattern and at least one of the discrete acts
occurred within the relevant limitations period." *Tinner v. United Ins. Co. of Am.*,
308 F.3d 697, 708 (7th Cir. 2002). However, "the continuing violation doctrine is applicable only if it would have been unreasonable to expect the plaintiff to sue before
the statute ran on the conduct." *Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390,
396 (7th Cir. 1999).

   Plaintiff does not allege the first or second theory. Instead, Plaintiff relies on
the third theory, claiming that Platt thought "his requests for reasonable accommodations were still ongoing." (Dkt. 45 at 10) To make his argument, Platt relies on
two district court cases that found a continuing violation for a defendant's failure to
accommodate. (Dkt. 45 at 8) (citing to *Graham v. United Parcel Serv.*, 519 F. Supp.
2d 801, 806 (N.D. Ill. 2007); *Sutton v. Potter*, No. 02 C 2702, 2004 WL 603477, (N.D.
Ill. Mar. 22, 2004)). However, these cases do not support Plaintiff's argument. In

*Graham*, the court said it could not determine whether the continuing violation doctrine applied, and ultimately denied the defendant employer's motion to dismiss because the plaintiff's claims were timely—unlike the claims here. *Graham*, 519 F. Supp. 2d at 807. The *Sutton* court found a continuing violation based on the first theory, that an extended period of time between each request and each denial made it difficult for the plaintiff to determine when each violation occurred. *Sutton*, 2004 WL 603477 at *5.[2]

Unlike the plaintiff in *Sutton*, Platt is not relying on the first continuing violation theory, but is instead relying on the third theory. (Dkt. 45 at 10) Not only has Platt failed to cite to any authority regarding the third theory of a continuing violation, but Platt has also failed to make the requisite showing that "at least one of the discrete acts occurred within the relevant limitations period." *Tinner*, 308 F.3d at 708. As mentioned above, Platt failed to allege any specific dates within the 300 day window. While it is possible that CTA denied Platt's accommodation request within the May 22, 2017 and September 18, 2017 window, Platt has not plead any dates or facts to suggest that is the case.

Additionally, both of Platt's cases predate a more recent Seventh Circuit opinion that arrived at the opposite conclusion. In *Teague v. Northwestern Memorial Hospital*, the Seventh Circuit addressed this very issue, concluding that "a refusal to accommodate is a discrete act—not an ongoing omission—and therefore the

---

[2] The *Sutton* court ultimately did not permit the plaintiff to take advantage of the doctrine, determining that waiting nine years to bring a claim was unreasonable. *Sutton*, 2004 WL 603477 at *5.

continuing violation doctrine does not apply." *Teague*, 429 Fed. Appx. at 684. The Seventh Circuit concluded that the defendant employer was entitled to summary judgment on the plaintiff employee's failure to accommodate claim to the extent it was based on denials of requested accommodations and reassignment that occurred more than 300 days before she filed a charge of discrimination with the EEOC. *Id.* Just like in this case, the plaintiff in *Teague* sought reassignment on multiple occasions but was repeatedly denied. *Id.* Platt brings a similar failure to accommodate claim to the one brought by the plaintiff in *Teague*. Although *Teague* is an unpublished opinion, the similarity of the facts in Teague's case convince the Court to follow the Seventh Circuit's reasoning.

The Court finds that, in this case, the continuing violation doctrine does not apply. Thus, each request for accommodation, and CTA's corresponding refusal to accommodate, is a discrete act. And as discussed above, "each discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp.*, 536 U.S. at 113 (2002). Platt does not specify the date or dates of each discrete act, so the Court cannot determine whether Platt's claims are timely. Unless Platt can plead facts suggesting a discriminatory act occurred between May 22, 2017 and September 18, 2017, his claims are likely time barred.

## 2. Qualified Individual with a Disability

The ADA prohibits employers from discriminating against a "qualified individual on the basis of disability." 42 U.S.C. § 12112(a). "Discrimination" under the

ADA includes failing to make "reasonable accommodations to the known physical and mental limitations of an otherwise qualified individual with a disability." § 12112(a); *Rodrigo v. Carle Found. Hosp.*, 879 F.3d 236, 241 (7th Cir. 2018). To state a claim based on an employer's failure to accommodate, a plaintiff must allege that (1) he is a qualified individual with a disability; (2) his employer was aware of the disability; and (3) his employer failed to reasonably accommodate the disability. *Preddie v. Bartholomew Consol. Sch. Corp.*, 977 F.3d 806, 813 (7th Cir. 2015). Here, CTA argues that Platt is not a qualified individual with a disability within the meaning of the ADA. (Dkt. 42 at 6-7)

A "qualified individual" is defined as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Kotwica v. Rose Packing Co., Inc.*, 637 F.3d 744, 748 (7th Cir. 2011); 42 U.S.C. § 12112(8). Reasonable accommodation may include job restructuring or "reassignment to a vacant position." § 12112(9)(B); *see also EEOC v. United Airlines, Inc.*, 693 F.3d 760, 761 (7th Cir. 2012) ("[T]he ADA does indeed mandate that an employer appoint employees with disabilities to vacant positions for which they are qualified, provided that such accommodations would be ordinarily reasonable and would not present an undue hardship to that employer.").

There is no dispute that Platt is unable to perform the essential functions of a CTA bus operator as a result of his back injury. Platt's Second Amended Complaint admits that the injury and surgeries "render[ed] Platt disabled and unable to drive

commercial vehicles." (Dkt. 34 at 3) Platt further admits that his "Spinal Cord Stim-

ulator Implant made it impossible for Plaintiff to perform the essential functions of

his position at CTA." (Dkt. 45 at 5) He outright concedes that he was not qualified

to perform the essential functions of this job. *See Dyke v. O'Neil Steel, Inc.*, 327 F.3d

628, 633 (7th Cir. 2003) (one-eyed plaintiff did not prove he could pass vision test

and therefore could not perform essential functions of working in warehouse); *Dvo-

rak v. Mostardi Platt Assocs., Inc.*, 289 F.3d 479, 484-85 (7th Cir. 2002) (plaintiff

conceded arthritis prevented him from fieldwork and mobility required for his job as

a service manager). But that is not the end of the matter, because the ADA includes

in its definition of a "qualified individual" those who can perform the essential func-

tions of their position with reasonable accommodation. Platt claims that CTA could

have reasonably accommodated him by reassigning him to another position. (Dkt.

45 at 5)

As previously noted, "the ADA may require an employer to reassign a disa-

bled employee to a different position as reasonable accommodation where the em-

ployee can no longer perform the essential functions of their current position." *Stern

v. St. Anthony's Health Ctr.*, 788 F.3d 276, 291 (7th Cir. 2015). The Seventh Circuit

has noted, however, that "there are significant limitations on an employer's poten-

tial obligation to reassign a disabled employee as reasonable accommodation." *Id.*

This obligation extends only to vacant positions for which the employee is qualified;

an employer is not required to create a new position or change the essential func-

tions of a job to accommodate a disabled employee, nor is it entitled to "bump"

another employee from a position to create a vacancy. *Id.*; *Ammons v. Aramark Unif. Sevs., Inc.*, 368 F,3d 809, 819 (7th Cir. 2004). To survive a motion to dismiss, a plaintiff must provide some factual basis demonstrating a vacant position exists for which the plaintiff is qualified. *See E.E.O.C. v. Supervalu, Inc.*, 674 F. Supp. 2d. 1007, 1012 (N.D. Ill. 2009); *Jackson v. City of Chicago*, 414 F.3d 806, 813 (7th Cir 2005) (it remains "the plaintiff's burden to show that a vacant position exists for which he was qualified.").

Platt claims that CTA offered him several reassignments, but that he was "not medically qualified" to take those positions. (Dkt. 34 at 4) He further alleges that there were other "vacant positions, for which [he] was qualified for." (*Id.*) However, there is no factual record or allegation from which such a determination could be made. Platt has failed to plead any facts indicating that specific vacant positions were available, and that he was qualified for those specific vacant positions. He merely makes the conclusory statements noted above. While the Court must view the facts in the light most favorable to the Plaintiff, the Court is not required to accept "pleadings that…are no more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[a] pleading that offers 'labels and conclusions or a formulaic recitation of the elements of a cause of action will not do'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Platt has not pleaded any facts indicating that his requested accommodation—reassignment—was appropriate or plausible. As such, Platt has not adequately pleaded that he was a qualified individual under the ADA.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court grants Defendant CTA's motion to dismiss without prejudice. Plaintiff has 28 days from the date of this order to amend his complaint.

E N T E R:

Dated: October 22, 2019

_Mary M Rowland_

MARY M. ROWLAND
United States District Judge